J-S12028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CALVIN C. LOGAN, | |
| Appellant | No. 1204 EDA 2014 |

Appeal from the PCRA Order Entered March 18, 2014,
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0705951-1975

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 11, 2015**

Appellant, Calvin C. Logan, appeals from the order denying his fifth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history of this case as follows:

> [Appellant] was found guilty after a jury trial of first degree murder, aggravated assault, simple assault, possessing an instrument of crime and criminal conspiracy before the Honorable Judge John J. McDevitt III.[2]  On September 28, 1978, [Appellant] was sentenced to serve a life sentence for the murder conviction and concurrent terms of five to ten years for criminal conspiracy and each assault conviction.  [Appellant] did not immediately appeal his judgment of sentence.  After having his direct appeal rights reinstated *nunc pro tunc*, the Superior

---

[*]  Former Justice specially assigned to the Superior Court.

Court affirmed the judgment of sentence in 1988, and the Pennsylvania Supreme Court denied *allocatur* on March 3, 1989.

> [2] The instant matter was administratively assigned to this Court for the preparation of an opinion following its appointment to the position of Supervising Judge of the Criminal Division of the Court of Common Pleas of Philadelphia County.

[Appellant] filed his first Post Conviction Relief Act petition *pro se* on October 23, 1992, and the[n,] after counsel was appointed [Appellant] voluntarily withdrew his petition on June 27, 1996, after a full colloquy before the Honorable Judge Genece E. Brinkley.[3]   [Appellant] filed his second PCRA petition on September 6, 1996.  The trial court dismissed the petition on October 25, 1996.  No appeal was taken from this dismissal.

> [3] It is noted that [Appellant] filed his first petition for relief pursuant to the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.A. 9541 *et seq*. (repealed and replaced by the PCRA for petitions filed on or after April 13, 1988).  Because the instant petition is not [Appellant's] first, the one-year grace period provided in the 1996 amendments to the PCRA "does not apply to second or subsequent petitions, regardless of when the first petition was filed." *Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002), appeal denied, 573 Pa. 703, 827 A.2d 429 (2003).

[Appellant] filed his third PCRA petition *pro se* on October 8, 1997.  After originally sending out a notice of dismissal and a final order . . . dismissing his third PCRA petition, the trial court vacated its previous order and appointed counsel.  The petition was dismissed again on July 23, 1999, after counsel filed a *Finley/Turner*[4] no-merit letter.  After counsel was permitted to withdraw, [Appellant] filed an appeal.  The Superior Court affirmed the dismissal on June 8, 2001.  No further appeal was filed.

> [4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

- 2 -

On June 17, 2003, [Appellant] filed a *pro se* Writ of Habeas Corpus, which was processed as his fourth PCRA petition. Counsel was again appointed and ultimately it was dismissed on timeliness grounds on October 13, 2006. The Superior Court affirmed the dismissal on January 8, 2008, and the Supreme Court denied *allocatur* on July 1, 2008.

[Appellant] filed his current post conviction petition, on November 8, 2010. After conducting an extensive and exhaustive review of the record and applicable case law, this Court suggests that the ruling that [Appellant's] petition for post conviction collateral relief was untimely filed should be affirmed.

PCRA Court Opinion, 7/31/14, at 1-2. The PCRA court denied Appellant's petition on March 18, 2014. This *pro se* appeal followed.

Appellant presents the following issues for our review, which we set forth verbatim below:

I. SHOULD REVIEW BE GRANTED TO DETERMINE IF THE COURT OF COMMON PLEAS and PA SUPERIOR COURT DEPRIVE APPELLANT HIS DUE PROCESS AND EQUAL PROTECTION RIGHTS WHEN FAILING TO ACCEPT APPELLANT'S WRIT OF HABEAS CORPUS AND ARBITRARILY TURNED THIS WRIT INTO, AND ADJUDICATED AS, A POST CONVICTION RELIEF ACT PETITION VIOLATING THE 5th, 8th, 14th AMENDMENTS OF THE U.S. CONSTITUTION; and ARTICLE 1, §§1, 9, 11, 13, 15, 20, 25 OF THE PA CONSTITUTION?

II. SHOULD REVIEW BE GRANTED TO DETERMINE IF THE COMMONWEALTH ERRED BY ALLOWING AN ILLEGAL SENTENCE UNDER 18 PA. C.S.A. §1311, AN UNCONSTITUTIONAL STATUTE OF THE DEATH PENALTY TO STAND, AND ALLOWING APPELLANT TO BE TRIED AND CONVICTED BEFORE ACTUAL PERPETRATOR JERRY LOGAN, THE PRINCIPLE, AND WHETHER SUBJECT MATTER JURISDICTION AND A SENTENCING TIME LIMITATION BE WAIVED AS IT RELATES TO THE HEREIN MATTER VIOLATING THE 5th, 8th, 14th AMENDMENTS OF THE U.S. CONSTITUTION; and ARTICLE 1, §§1, 9, 13, 15, 20, 25 OF THE PA CONSTITUTION?

Appellant's Brief at 3.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

Initially, we must determine whether this matter is properly before us. We begin by considering whether the PCRA court accurately considered Appellant's petition to be a PCRA petition.

The scope of the PCRA is explicitly defined as follows:

This subchapter provides for an action by which persons convicted of crimes they did not commit and **persons serving illegal sentences** may obtain collateral relief. **The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.** This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S. § 9542 (emphasis added).

The plain language of the statute above demonstrates that the Pennsylvania General Assembly intended that claims that **could** be brought

under the PCRA **must** be brought under that Act. ***Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis in original). Where a defendant's claims "are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." ***Id***. at 1235 (citations omitted). By its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999) (citations omitted). Thus, it is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered to be a PCRA petition. ***Commonwealth v. Deaner***, 779 A.2d 578, 580 (Pa. Super. 2001).

The question then is whether the particular claim at issue in Appellant's petition, *i.e.,* Appellant's allegation that his sentence of life imprisonment is unconstitutional and unlawful, is a claim available to him under the PCRA. Emergency Petition for Writ of Habeas Corpus, 11/8/10. We have reiterated that "the PCRA statute is intended as the sole means of collaterally challenging a sentence." ***Commonwealth v. Concordia***, 97 A.3d 366, 372 (Pa. Super. 2014). Indeed, in ***Commonwealth v. Jackson***, 30 A.3d 516 (Pa. Super. 2011), this Court held that a defendant's motion to correct an illegal sentence was properly addressed as a PCRA petition, stated broadly, "[A]ny petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." ***Id***. at 521.

Because Appellant's challenge to his sentence is cognizable under the PCRA, Appellant is precluded from seeking relief pursuant to a writ of *habeas corpus*. Thus, the PCRA court had no authority to entertain the claims except under the strictures of the PCRA.[1]

We next address whether Appellant satisfied the timeliness requirements of the PCRA. The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.

_____

[1] We observe that Appellant raises in his appellate brief to this Court an allegation that the trial court lacked subject matter jurisdiction. Appellant's Brief at 14-15. This claim was not raised before the PCRA court. Our Supreme Court has explained that an issue not raised in a PCRA petition cannot be raised for the first time on appeal. *Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004). Accordingly, we must consider Appellant's challenge to the trial court's jurisdiction to be waived. Furthermore, a claim that a conviction or sentence resulted from a proceeding in a tribunal without jurisdiction is cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(viii). Therefore, even if Appellant had presented the issue to the PCRA court, as discussed *infra*, the PCRA petition would have been dismissed as untimely filed.

- 6 -

§ 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. ***See Commonwealth v. Alcorn***, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining application of PCRA timeliness *proviso*).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline "the petitioner must plead and prove specific

_____

[2] The exceptions to the timeliness requirement are:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

Our review of the record reflects that Appellant's judgment of sentence became final on or about May 2, 1989, sixty days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 20.1.[3] Accordingly, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments. Appellant's instant petition, filed on November 8, 2010, does not qualify for the grace *proviso* as it was neither Appellant's first PCRA petition, nor was it filed before January 16, 1997. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). The record reflects that Appellant did not specifically raise any of the timeliness exceptions in his PCRA petition. Consequently, because the PCRA petition was untimely and no exceptions apply, the PCRA court

---

[3] We note that the Rules of the Supreme Court of the United States pertaining to the time limit for filing a *writ of certiorari* have changed various times in relation to both length of time and rule number. Rule 20.1, which became effective August 1, 1984, and was applicable to this case, required the filing of a *writ of certiorari* within sixty days after the Pennsylvania Supreme Court denied *allocatur*.

lacked jurisdiction to address the claims presented and grant relief.  **See**

**Fairiror**, 809 A.2d at 398 (holding that PCRA court lacks jurisdiction to hear

untimely petition).  Likewise, we lack jurisdiction to reach the merits of the

appeal.  **See Commonwealth v. Johnson**, 803 A.2d 1291, 1294 (Pa.

Super. 2002) (holding that Superior Court lacks jurisdiction to reach merits

of appeal from untimely PCRA petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/11/2015